GEOFFREY V. WHITE (SBN. 068012)
LAW OFFICE OF GEOFFREY V. WHITE
351 California St., Suite 1500
San Francisco, California 94104
Telephone: (415) 362-5658
Facsimile: (415) 362-4115
Email: gvwhite@sprynet.com

Attorneys for Plaintiff

LAURA E. FANNON (SBN. 111500)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, California 94104-4217
Telephone: (415) 951-0535
Facsimile: (415) 391-7808

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN CHRISTIANSEN,<br><br>            Plaintiff,<br><br>    v.<br><br>STRYKER CORP., a Michigan corporation;<br>STRYKER CORP. LONG-TERM<br>DISABILITY PLAN; and HARTFORD<br>LIFE GROUP INSURANCE CO., an Illinois<br>Corporation,<br><br>            Defendants. | Case No. C-06-4391 WHA<br><br>STIPULATION AND [Proposed]<br>ORDER FOR FILING OF FIRST<br>AMENDED COMPLAINT |

1  IT IS HEREBY STIPULATED by and between the parties hereto, through their
2  respective attorneys of record that Plaintiff may file a First Amended Complaint, a copy of which
3  is attached hereto.

4  DATED: October 13, 2006             LAW OFFICE OF GEOFFREY V. WHITE

6                                      By__/S/_____
                                            Geoffrey V. White
7                                           Attorneys for Plaintiff

9  Dated:  October 13, 2006             KELLY, HERLIHY & KLEIN

11                                      By___/S/_____
                                             Laura E. Fannon
12                                           Attorneys for Defendants

13  IT IS SO ORDERED.

14  Dated:   October 16, 2006
                                        _____
15                                          United States District Judge

GEOFFREY V. WHITE (SBN. 068012)
LAW OFFICE OF GEOFFREY V. WHITE
351 California St., Suite 1500
San Francisco, California 94104
Telephone: (415) 362-5658
Facsimile: (415) 362-4115
Email: gvwhite@sprynet.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHRISTIANSEN,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORP., a Michigan corporation;<br>STRYKER CORP. LONG-TERM<br>DISABILITY PLAN; and HARTFORD<br>LIFE GROUP INSURANCE CO., an Illinois<br>Corporation,<br><br>Defendants. | Case No. C-06-4391 WHA<br><br>FIRST AMENDED COMPLAINT FOR<br>INJUNCTIVE RELIEF AND<br>DAMAGES FOR DISABILITY<br>BENEFITS UNDER<br>ERISA WELFARE PLAN |

   Plaintiff, STEVEN CHRISTIANSEN, complains of Defendants, and each of them, and alleges as follows:

## JURISDICTION

   1.   This is an action by a participant in an employee welfare benefit plan against the Plan and its named fiduciaries, for injunctive relief and damages to enforce his rights under the Plan to receive long-term disability income benefits, because Defendant Hartford ("Hartford") arbitrarily refused to consider his appeals and terminated his benefits. Jurisdiction is conferred on this Court by Sections 502(e) and (f), 502(a)(1)(A) and (B), and 502(a)(2) and (3) of ERISA, 29 U.S.C. §§1132(e) and (f), 1132 (a)(1)(A) and (B), and 1132(a)(2) and (3), and by 29 U.S.C. §1331(a) and 28 U.S.C. §2201.

///

---

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
Case No. C-06-4391 WHA

1

**VENUE**

2.  The Defendant Stryker Corporation Long-Term Disability Plan ("Plan") is administered within this District. Defendant Stryker Corp. is doing business within this District, and Defendant Hartford is doing business within this District. Venue is thus proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

**PLAINTIFF**

3.  Plaintiff Steven Christiansen is a natural person, and a resident of Danville, California. At all times material, he was an employee of Physiotherapy Associates and a participant in the Defendant Plan, within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1102(7).

**DEFENDANTS**

4.  Defendant Stryker was and is a Michigan corporation, with its principal place of business in Kalamazoo, Michigan. At all material times, Stryker was and is the employer maintaining Defendant Plan, and is therefore a Plan "administrator", "fiduciary" and "party in interest", within the meaning of Sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

5.  Defendant Plan was and is an employee welfare benefit plan, within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). Plaintiff is informed and believes, and thereon alleges that at all material times the Plan was fully insured through premiums paid to Defendant Hartford and its predecessor, Continental Casualty Co., pursuant to that certain Group Policy No. 83112322.

6.  Defendant Hartford is, on information and belief, the party designated by the Plan and the above Policy to make determinations of disability and benefit payments under the Plan. Defendant Hartford is allegedly a Plan "administrator", "fiduciary" and "party-in-interest", within the meaning of Sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

/////
/////
/////

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
Case No. C-06-4391 WHA

2

## FACTS

7.  Plaintiff Steven Christiansen was employed as a physical therapist for over 25 years, and worked in that capacity for Physiotherapy Associates until he was required to leave work on October 11, 2002 owing to his disability from multiple herniated discs in his cervical and thoracic spine. Since January, 2000, Plaintiff had continued to work despite increasing pain, numbness, tingling and burning sensations in his hands, arms and neck. After conservative therapy failed, Plaintiff underwent a cervical diskectomy and fusion in December, 2003, but his symptoms of cervical radicular pain precluded him from even sedentary work. Plaintiff was awarded Social Security Disability benefits for a disability date of October, 2002.

8.  In November, 2002, Plaintiff submitted his application for long-term disability benefits to the Plan and its insurance carrier. Plaintiff was awarded LTD benefits in January, 2003 when the LTD carrier agreed he was disabled from his own occupation. Nevertheless, Defendant Hartford terminated benefits in January, 2005, contending that Plaintiff could return to work as a Clinic Director. Plaintiff appealed and submitted extensive medical and vocational evidence showing he could only perform limited part-time work, but Defendant Hartford repeatedly refused to consider that evidence and continues to withhold his benefits.

## FIRST CLAIM
[Claim for Disability Benefits]

9.  Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 8 above.

10.  Defendants, and each of them, have failed to comply with their duties under ERISA, the Policy, and applicable Plan documents to afford Plaintiff a timely, full and fair review and determination of his claim for continued long-term disability benefits. Defendant Hartford has ignored Plaintiff's evidence supporting his continued disability. Defendant Hartford's termination of benefits and failure to respond to Plaintiff's appeal evidence was biased and tainted by pecuniary conflict of interest, since it would be required to pay the claim if granted. Accordingly, this Court may not defer to Defendant Hartford's decision, and exercises *de novo* review.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
Case No. C-06-4391 WHA

11. By their failure and refusal to pay Plaintiff's long-term disability benefits, Defendants, and each of them, violated the terms of the Plan and Policy, and Plaintiff's rights to such benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

### SECOND CLAIM
[Breach of Fiduciary Duty]

12. Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 11, above.

13. As the alleged Plan fiduciary responsible for determining claims for benefits, Defendant Hartford was required, pursuant to Part 4 of Title I of ERISA, to discharge its duties with respect to benefit claims prudently, for the exclusive benefit of Plan participants and beneficiaries, and in accordance with the specific fiduciary obligations imposed therein and under the Plan documents.

14. In its decision to terminate Plaintiff's LTD benefits, and its refusal to fully and fairly consider Plaintiff's appeal evidence, Defendant Hartford acted arbitrarily and capriciously, in willful disregard of the terms of the Plan, the Policy provisions, and the medical evidence submitted. At all material times, Defendant Hartford acted herein only in its own financial interest in denying Plaintiff's claim. Accordingly, Defendant Hartford has breached its fiduciary obligations under ERISA, the Plan and the subject Policy.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. <u>On the First Claim</u>: For an Order directing Defendants to pay to Plaintiff the long-term disability benefits to which he is entitled under the terms of the Plan, together with pre-judgment interest from the date such benefits should have been paid.

2. <u>On the Second Claim</u>: For an Order removing Defendant Hartford as Plan fiduciary and barring it from any further responsibility for claims determinations under the Plan.

3. <u>On all Claims</u>:

    a. For costs of suit herein, including reasonable attorneys' fees; and

/////

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
Case No. C-06-4391 WHA

4

b. For such other and further relief as the Court deems just and proper.

DATED: October 10, 2006                LAW OFFICE OF GEOFFREY V. WHITE

By _____
Geoffrey V. White
Attorneys for Plaintiff

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that, as of this date, other than the named parties, there is no such interest to report.

DATED: October 10, 2006                LAW OFFICE OF GEOFFREY V. WHITE

By _____
Geoffrey V. White
Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
Case No. C-06-4391 WHA